# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

EDWIN WILLIAMS,

    Plaintiff,

v.                                CASE NO.: CV-04-J-2495-NW

LIMESTONE COUNTY, ALA.,
et al.,

    Defendant.

## MEMORANDUM OPINION

Pending before the court is defendant Limestone County, Alabama; Limestone County Commission and Mike Blakeley, in his individual capacity and official capacity as Sheriff of Limestone County's motion to dismiss (doc. 5), and the plaintiff's response to said motion (doc. 8). The court has considered said motion and finds as follows:

The plaintiff filed suit under 42 U.S.C. §1983 asserting violations of his Eighth and Fourteenth Amendment rights due to deliberate indifference to his medical needs by the defendants. Complaint, ¶ 17. He also alleged state law claims for the defendant County's failure to provide adequate funding for medical care for inmates and failure to hire a jail physician, in violation of Alabama Code, §§ 14-6-1, 14-6-19 and 14-6-20. Complaint, ¶ 19.

The plaintiff was jailed from March 11, 2004 to March 17, 2004 on the charge of "residential building without a permit" and for violation of probation stemming from a previous charge of building a house without a contractor's license. Plaintiff's response, ¶ 5 and exhibit A to plaintiff's complaint. During that time, the plaintiff complained of severe chest pain, for which he was given Tylenol by the jail nurse. Complaint, ¶ 9. His blood pressure was taken by deputies and his requests for medical attention were ignored. Complaint, ¶¶ 9, 11; plaintiff's response, ¶ 4. The plaintiff informed the jailers that he had insurance and would pay for his own medical treatment, but this request was also ignored. Plaintiff's response, ¶ 4. Upon his release from the jail, the plaintiff went to Decatur General Hospital, where he learned he had suffered a heart attack; he was moved to Hunstville Hospital for emergency heart surgery; and he was informed that medical treatment at the time his chest pain began may have prevented his heart attack. Exhibit A to plaintiff's complaint.

Given the facts of this case and the claims of the plaintiff, the court finds as follows:

*Claims against Limestone County Commission*:

Under Alabama law, "claims against county commissioners and employees *in their official capacity* are, as a matter of law, claims against the county and are subject to the $100,000 cap contained in § 11-93-2." *Smitherman v. Marshall Co.*, 746 So.2d

1001, 1007 (Ala.1999)(emphasis in original).[1]  Here, the plaintiff made no claims against the commissioners in their individual capacities.  Thus, all of the plaintiff's claims against the Limestone County Commission will be dismissed by separate order.  The claims against Limestone County, Alabama remain pending.

*State law claims against defendant County*:

Plaintiff alleges that the failure to adequately fund the jail to meet medical needs of inmates, the failure to appoint a jail doctor, and the failure to have funding to take the plaintiff to the emergency room constitute "deliberate indifference to plaintiff's serious medical needs."  The defendant County alleges that appropriations are legislative, and thus the commissioners are entitled to absolute legislative immunity.  However, the case cited by this defendant, *Woods v. Gamel,* specifically states that it concerned only claims against commissioners in their individual capacity.  *Woods,* 132 F.3d 1417, 1418-19 (11th Cir.1998).  Thus, it is inapplicable to the facts before this court.

The plaintiff cites *Gaines v. Choctaw Co. Comm'n,* 242 F.Supp.2d 1153 (S.D. Ala.2003), which this court finds similar to the facts and claims before it.  There, as here, the plaintiffs argued that the County breached its duty under § 14-6-19 *Alabama*

---

[1] The parties dispute whether or not *Calvert v. Cullman Co.*, 609 So.2d 119 (Ala.1995), is valid law.  The Court in *Smitherman* also stated "[t]o the extent that *Calvert* and other cases imply that there is no legal distinction between counties and county commissions, they are incorrect and are overruled."  746 So.2d at 1005.

3

*Code, 1975,* to fund medical care for inmates because it failed to provide adequate funding for the medical care of inmates or for a staff which could attend to the medical needs of inmates. Ala.Code § 14-6-19 states that "[n]ecessary clothing and bedding must be furnished by the sheriff or jailer, *at the expense of the county,* to those prisoners who are unable to provide them for themselves, *and also necessary medicines and medical attention to those who are sick or injured,* when they are unable to provide them for themselves" (emphasis added). *Gaines* held that this statute placed a duty on the county (along with the sheriff) to fund medical care. *Gaines*, 242 F.Supp.2d at 1161.

As in *Gaines,* the plaintiff here makes two distinct claims based on the County's duty under § 14-6-19. The County's failure to fund adequate medical care for inmates, and the County's failure to fund adequate staff for the jail resulted in a lack of medical treatment in the jail. The court stated that, as to the former claim:

> the elements of a cause of action– duty (§ 14-6-19), breach of duty (failure to adequately fund medical care for prisoners) and causation (decedent's death)– are all properly asserted .... [As to] the latter claim ... construing the amended complaint in the light most favorable to the plaintiff, the Court concludes that plaintiffs have asserted facts which, if proved, might support such a claim– duty (§ 14-6-19), breach of duty (failure to adequately fund staff to provide medical care, *e.g.,* to administer necessary medication) and causation (decedent's death).

*Gaines*, 242 F.Supp.2d at 1161.

The plaintiffs in *Gaines* also asserted liability based on the County's failure to appoint a physician, which it has authority to do pursuant to Ala.Code § 14-6-20. "Under Alabama law, violation of a statutory duty may give rise to a cause of action for negligence" *Gaines*, 242 F.Supp.2d at 1159, citing *Ala. Power Co. v. Dunaway,* 502 So.2d 726, 730 (Ala.1987).  The Court held that:

> This claim presumes, incorrectly, that [defendant] had a duty to appoint a physician in the first place. Section 14-6-20 creates no such duty; rather, it states that '[t]he county commission in each county *may* elect a physician ... to attend the inmates of the jails of such counties...' *Id.* (emphasis added). Because § 14-6-20 is permissive, not mandatory, the County had no duty to hire a physician. Consequently, its failure to do so did not amount to negligence.

*Gaines,* 242 F.Supp.2d at 1161-1162.

Having considered the foregoing, the court holds that the plaintiff's state law claim based on the failure to appoint a physician does not state a claim upon which relief may be granted.  The court shall therefore dismiss Count II of the plaintiff's complaint as to the plaintiff's claim under Ala.Code § 14-6-20.  However, the plaintiff's claim that the county breached its duty to fund medical care for its prisoners does states a claim and shall remain pending in this action.

*§ 1983 claims against defendant County*:

42 U.S.C. § 1983 prohibits a person, acting under color of state law, from depriving another person of his or her rights secured by the United States Constitution.

*See* 42 U.S.C. § 1983.  Section 1983 creates no substantive rights on its own, but merely provides a remedy for deprivation of federal constitutional rights. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir.1996).

The plaintiff alleges that the defendants' deliberate indifference to plaintiff's need for medical care, and deliberate indifference to the substantial risk of serious harm violated his Eighth Amendment and Fourteenth Amendment rights.[2]  The plaintiff argues that the damage from his heart attack was exacerbated by the County's failure to provide adequate funding for the medical needs of inmates and the County's failure to provide funding to staff the jail adequately to attend to the medical needs of inmates. Complaint, ¶¶ 11, 13. The court in *Gaines* noted:

> As discussed with regard to the state law claims ... the County does have a duty to fund the medical care of inmates, which could conceivably encompass plaintiff's [] two deliberate indifference claims. As also discussed above...the County does not have a duty to appoint a physician, merely the authority to do so. Even so, since the County has authority to act, its failure to do so could be construed as a County policy. *Cf. Turquitt,* at 1287 (local government may be held liable only for actions officially sanctioned or ordered).
> In sum, .... The remainder of plaintiffs' theories– deliberate indifference to serious medical needs arising from failure to fund medical care, failure to hire a jail physician and failure to provide adequate funding for jail staff to meet the medical needs of inmates–state a claim, in theory, under § 1983.

---

[2] Defendants argue that this is a Fourteenth Amendment case as the plaintiff was a pretrial detainee and not an Eighth Amendment case.  However, because the plaintiff was held both on a new charge and a probation violation, the court considers claims under both Amendments properly before it.

*Gaines,* 242 F.Supp.2d at 1162-1163.  As such, these claims shall remain pending.

*Claims against the Sheriff in his official capacity*

Sheriffs and their deputies are state officials under Alabama law.  *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir.1995).  As such, a deputy sheriff, may not be sued in his official capacity unless the state waived or Congress abrogated its Eleventh Amendment immunity. *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1429 (11th Cir.1997).  Neither of these prerequisites to suit has occurred.  *Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1525 (11th Cir.1990).   State officials are not "persons" subject to suit under § 1983 when acting in their official capacities.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Because the suit against the sheriff in his official capacity is a suit against the state, and the state has Eleventh Amendment immunity against such suits, the plaintiff may not proceed on his § 1983 claim against the sheriff in his official capacity.  *See Lancaster*, 116 F.3d at 1429.

*State Law claims against the Sheriff in his individual capacity*

The Eleventh Circuit has held that individual capacity claims against an Alabama sheriff for money damages are barred by the doctrine of sovereign immunity, even when the claims involve malicious or intentional wrongdoing. *McMillian v. Johnson,* 101 F.3d 1363, 1364-65 (11th Cir.1996).

*§1983 claims against the Sheriff in his individual capacity*

The sheriff argues that he is entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions from civil trial ... and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1149 (11th Cir.1994) (en banc) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1991)).

> The qualified immunity inquiry involves a three-step process. *Vinyard v. Wilson,* 311 F.3d 1340 (11th Cir.2002). First, the defendant must prove that he was acting within the scope of his discretionary authority. *Id.* If the defendant meets this burden, then the Court must determine whether plaintiff's allegations, if true, establish a constitutional violation. *Id.* Finally, if the facts alleged would prove the violation of a constitutional right, the inquiry is whether the law with respect to that right was clearly established. *Id.*

*Gaines*, 242 F.Supp.2d at 1164.

The plaintiff alleges the sheriff set forth policies that were deliberately indifferent to the plaintiff's serious medical needs, and the lack of medical care contributed to the plaintiff's heart attack. Setting jail policy on medical care for inmates is clearly within the sheriff's line and scope of duty. Plaintiff alleges that the sheriff, as final policy maker for the jail, adopted policies that resulted in the deprivation of the plaintiff's federally protected rights. *Gaines, supra,* cites *Adams*

*v. Poag,* 61 F.3d 1537, 1543-1544 (11th Cir.1995), for the proposition that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference with regard to medical treatment of inmate. A jail official violates the Fourteenth Amendment when he acts with deliberate indifference to the serious medical needs of a prisoner. *See Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (Eighth Amendment prohibition on cruel and unusual punishment violated when prison official acts with deliberate indifference to a prisoner's serious medical need); *see also Lancaster,* at 1425 n. 6 (applying deliberate indifference standard to claim by pretrial detainee).

Deliberate indifference includes both an objective and a subjective component. *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176, 1186 (11th Cir.1994). The objective component is judged by contemporary standards of decency, while the subjective component requires proof of actual knowledge of the need for medical treatment and intentional refusal to provide it. *Id.*

In the facts before the court, the plaintiff alleges that the sheriff adopted policies which resulted in deprivation of the plaintiff's rights. The plaintiff alleges his condition was brought to the attention of the jail nurse and deputies employed by the jail. When an official "knows that an inmate is in serious need of medical care, but

he fails or refuses to obtain medical treatment for the inmate" his actions amount to deliberate indifference. *Hill, supra* at 1186. However:

> Plaintiff['s] claims against the Sheriff based on his supervisory liability, however, lack any allegation to support the subjective component necessary to a deliberate indifference claim. Put simply, there is no assertion that the Sheriff was on notice that the policies--(1) failure to train jail personnel regarding medical care of prisoners and (2) giving jail personnel discretion whether to dispense prescription medication--were deficient. Therefore, plaintiffs have failed to state a claim for supervisory liability. *See Adams,* 61 F.3d at 1545 (no liability where supervisor had no notice that procedures amounted to deliberate indifference).

*Gaines*, 242 F.Supp.2d at 1164.

Here, there is no allegation that the sheriff knew that the plaintiff suffered from a serious medical condition, and no evidence that he knew the policies and procedures (for which he is liable) were inadequate. However, other jail personnel were on notice that the plaintiff complained of serious chest pains and should have been on notice that the same can be symptoms of a heart attack, a serious medical condition. Therefore, the court is of the opinion that the plaintiff's allegations are sufficient to survive a motion to dismiss on the sheriff's liability for inadequate policies for prevention of a serious medical condition.

*Punitive Damages*

No punitive damages may be awarded against a county. *See* Ala.Code § 6-11-26 (1975). However, should any claims against the sheriff in his personal capacity

remain, punitive damages are permissible. *See Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir.1995) (There is, however, a distinction between official capacity claims ... and individual capacity claims, as to which punitive damages are permissible").

The court having considered the foregoing, and finding that the defendants' motion to dismiss is due to be granted in part and denied in part, the court shall so rule by separate order.

**DONE** this the 21st day of December, 2004.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE